UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60512-Civ-GAYLES
MAGISTRATE JUDGE P. A. WHITE

MARTIN DIEZ,

    Plaintiff,

vs.                              **SUPPLEMENTAL REPORT OF**
                                     **MAGISTRATE JUDGE**

STATE OF FLORIDA, et al.,

    Defendants.
_____/

    This Cause is before the Court upon the plaintiff, Martin Diez', pro se civil rights proceeding instituted pursuant to 42 U.S.C. §1983. Pursuant to the 28 U.S.C. §1915, because the plaintiff was granted *in forma pauperis* status, the Prison Litigation Act ("PLRA") required that the court review the complaint to determine whether the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(A)(a), (b)(1), (b)(2).

    On March 30, 2015, a Report was entered recommending that the complaint (DE#1) be dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii) for failure to state a claim upon which relief can be granted, and that the case be closed. (DE#7). Before receipt of the foregoing, it appears that on March 22 or 23rd, 2015, the petitioner provided to prison authorities for mailing, in accordance with the mailbox rule, a motion for leave to file an amended complaint. (DE#8). In it, he explains that he had recently filed a complaint, but since the form complaint did not contain sufficient space to state his claims, it instructed to attach additional blank pages as necessary. (Id.). Rather than do so prior to filing the Complaint, petitioner now seeks leave to amend the

complaint. (Id.). He did not attach to the motion a proposed operative amended complaint. However, on March 23, 2015, he executed an "Amended/Clarified Complaint" which was received by this Court on March 31, 2015. (DE#9). The amendment is not in compliance with the Local Rules nor the Rules governing the filing of civil complaints in this district.

Regardless, as currently drafted, the Complaint, as amended, is not on the proper form for a §1983 complaint, does not identify the Florida Department of Corrections ("FDOC") guards who "abused" plaintiff while he was at Martin Correctional Institution ("Martin CI"), nor does he state how or when the abuse occurred. (DE#9:1). His complaints that he was briefly confined in the shower stall, and then in protective custody without a blanket, in a cell with a broken window, when it was 40 degrees outside, does not present a severe or extreme condition that posed an unreasonable risk of serious damage to plaintiff's health and safety. See Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).

Further, plaintiff has not alleged, let alone demonstrated that those conditions, along with being provided a purported soiled blanket, and only athletes foot powder to treat a rash he developed from using the blanket, the inattentiveness of the guards, the fact that he is subjected to constant administrative or close custody because of his substantial assistant to the state prosecutor, and the resulting harassment by fellow inmates resulting therefrom, rise to the level of an Eighth Amendment violation. See Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (holding that a prisoner must prove that the prison condition he complains of is sufficiently serious and "extreme" to violate the Eighth Amendment); See Also, Alfred v. Bryant, 378 Fed.Appx. 977, 980 (11th Cir. 2010)("'Inmates cannot expect the amenities,

2

conveniences and services of a good hotel.'" (quoting Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988)).

Construing the allegations made in his amendment, plaintiff has not raised a claim upon which relief can be granted. The Constitution does not mandate that prisons be comfortable, Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "A prisoner's mere discomfort, without more, does not offend the Eighth Amendment." Chandler v. Crosby, 379 F.3d 1278, 1296 (11th Cir. 2004). Plaintiff has not demonstrated that the conditions complained of while he was in the shower stall and in close confinement denied him the minimal civilized measure of life's necessities or subjected him to a wanton and unnecessary infliction of pain. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991); Rhodes, 452 U.S. at 347. Consequently, the conditions associated with plaintiff's limited stay in the shower stall, and then his closed confinement do not constitute cruel and unusual punishment in violation of the Eighth Amendment.

Next, plaintiff again appears to be complaining that he is entitled to immediate release from custody because he does not want to continue to "suffer" protective status confinement because he testified against another inmate, and fears retaliation from other inmates. He requests that the state suspend the rest of his sentence given his cooperation and testimony in Patrick v. State, 104 So.3d 1046, 1057 (Fla. 2012). He also suggests that his lawyer never told him about a plea offer in his own criminal case that was in the "single digits." These allegations are not the proper subject of a §1983 claim. Petitioner has also had a federal habeas before this court, that was the subject of an evidentiary hearing.

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not

entitled to relief. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 290, 166 L.Ed.2d 798 (2007). "Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights." Almand v. DeKalb County, Ga., 103 F.3d 1510, 1512 (11th Cir. 1997)(citation omitted). Further, §1983 is not meant to replace state tort law, it is only meant to provide a remedy for violations of federally protected rights. Id. at 1513 (citing Baker v. McCollan, 443 U.S. 137, 145-146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979)). A successful §1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." See Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).

As previously noted, to state a viable claim for relief in a 42 U.S.C. §1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution. American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); Willis v. University Health Serv's, Inc., 993 F.2d 837, 840 (11th Cir. 1993). The complaint is subject to dismissal for failure to state a claim upon which relief can be granted.

The Supreme Court has specifically held that §1983 is the appropriate course of relief for an inmate "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499-500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks

is a determination that he is entitled to immediate release ..., his sole federal remedy is a writ of habeas corpus."). See also Nelson v. Campbell, 541 U.S. 637, 643, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004)(explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. §1983).

Furthermore, the Supreme Court expressly held in Heck v. Humphrey that when an inmate's allegations rest on the invalidity of his imprisonment, his §1983 claim does not accrue until that invalidity is proven. 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). See also Edwards v. Balisok, 520 U.S. 641, 645, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)(extending Heck to certain types of due process challenges brought under §1983). The Supreme Court in Edwards remarked that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that §1983 claim must be dismissed unless the conviction has already been invalidated. Edwards, 520 U.S. at 487.

Thus, a claim for monetary damages or injunctive relief that challenges a civil rights Plaintiff's incarceration is not cognizable under §1983 until the underlying criminal conviction has been reversed in favor of the criminal defendant. Heck, 512 U.S. at 483. See also Hust v. Wyoming, 372 Fed.Appx. 708, 710 (9th Cir. 2010)(district court properly dismissed arrestee's civil rights claims pursuant to Heck where arrestee did not even show that she had been to trial following her arrest, much less that the criminal proceedings against her were dismissed or otherwise resolved in her favor); Salas v. Pierce, 297 Fed.Appx. 874, 876 (11th Cir. 2008)(concluding that district court properly found that Heck

5

barred Plaintiff's claim against Assistant District Attorney for conspiring with his counsel to coerce him into pleading guilty because Plaintiff had not alleged that his sentence or conviction had been reversed on appeal, and a judgment in favor of Plaintiff would necessarily call into question the validity of his guilty plea and his underlying conviction)(<u>citing</u>, <u>Heck</u>, 512 U.S. at 486-87, 114 S.Ct. at 2372).

Here, as in his initial complaint, plaintiff does not seek injunctive or monetary relief, but rather the enforcement of a plea, which was previously explored in his habeas petition and is not cognizable in this federal proceeding. Likewise, his requested relief that he be released from prison and that the plea be reinstated is also not proper before this court as such a claim does not sound in §1983.

From full and careful review of Plaintiff's complaint, it is clear that Plaintiff challenges the constitutionality of his convictions and resultant confinement—rather than the conditions of that confinement—by suggesting that he wants release from imprisonment and the granting of an original 10-year plea offered in his state criminal proceedings. A judgment in favor of Plaintiff on his claims here would necessarily imply the invalidity of the convictions and the sentences imposed in state court. The challenge to the underlying conviction and the precise issue surrounding the 10-year plea offer was raised in the federal habeas petition in this court, and rejected by the Undersigned following an evidentiary hearing.

As indicated, the exclusive mechanism for a state prisoner to challenge his conviction is an application for a writ of habeas corpus under 28 U.S.C. §2254, after exhaustion of all state court

remedies. See Preiser, 411 U.S. at 489, 93 S.Ct. 1827; Griffin v. Levenson, 400 Fed.Appx. 476, 477 (11th Cir. 2010). It is clear from the records for which this Court can take judicial notice that the subject convictions and resulting confinement about which the plaintiff complains have not been invalidated in an appropriate state or federal action. "Even a prisoner who has fully exhausted [all] available ... remedies has no cause of action under §1983 unless and until the conviction ... is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck, 512 U.S. at 489.

The Eleventh Circuit has held that Heck applies even where habeas is unavailable, as it may be under the circumstances of the instant case. See Domotor v. Wennett, 356 Fed.Appx. 316 (11th Cir. 2009)("As the district court properly explained ..., so long as the [state law convictions] remain undisturbed, [Heck] bars appellant's claims)(unpublished), aff'q 630 F.Supp.2d 1368, 1380 (S.D.Fla. 2009)(holding that Heck favorable termination requirement applied even where plaintiff no longer in custody). See also Dutton v. City of Midwest City, 2014 WL 348982 (W.D.Okla. 2014)(Plaintiff's current status as a non-prisoner did not render Heck inapplicable). Hence, Plaintiff's claims have yet to accrue and are not cognizable under §1983.

Consequently, for the reasons set forth in the Undersigned's prior Report (DE#7), and as set forth above, the complaint, together with the current amendment are fatally deficient and should be dismissed.

Based upon all of the foregoing, it is recommended that the complaint (DE#1), together with the amendment thereto (DE#9) be dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to

state a claim upon which relief can be granted and that the case be closed.

Dismissal with leave to amend would not be appropriate here because an amendment would be futile in that any amended complaint on the basis of the allegations now presented and attempted claims would still be properly dismissed. See Judd v. Sec'y of Fla., 2011 WL 2784422, *2 (M.D.Fla. June 3, 2011)(recommending that Plaintiff not be permitted to file an amended complaint in light of the Eleventh Circuit's decision in Johnson in that any amended complaint would be frivolous). See generally Spaulding v. Poitier, 548 Fed.Appx. 587, 594 (11th Cir. 2013)(holding that magistrate judge did not abuse his discretion in denying Plaintiff leave to amend his complaint because such an amendment would have been futile)(citing, Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 1st day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   Martin Diez, Pro Se
      DC#L64072
      DeSoto Correctional Institution (Annex)
      13617 SE Highway 70
      Arcadia, FL 34266-7800
```