**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No: 15-60512-CIV-GAYLES/WHITE**

MARTIN DIEZ,

      Plaintiff,

vs.

STATE OF FLORIDA, et al.,

      Defendants.

_____/

**ORDER**

**THIS CAUSE** comes before the Court upon Plaintiff's *pro se* civil rights Complaint [ECF No. 1], Amended Complaint [ECF No. 9], and Objections or Alternatively Second Amended Complaint [ECF No. 15].  The matter was referred to the Honorable Patrick A. White, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters [ECF No. 3].

**BACKGROUND**

**A.  Original Complaint**

On March 12, 2015, Plaintiff Martin Diez ("Plaintiff") filed his Complaint under the Civil Rights Act, 42 U.S.C. § 1983, against Defendants Florida State Attorney's Office, the Florida Attorney General's Office, Assistant State Attorney Stacy Honowitz ("Honowitz), Assistant State Attorney Melissa Vaughn ("Vaughn"), Assistant State Attorney Sheri Tate ("Tate"), Assistant State Attorney Brian Cavanaugh ("Cavanaugh"), Assistant State Attorney Michael Satz ("Satz"), Assistant Attorney General Melinda Meylar, the Broward County Jail, and the Florida Department of Corrections (collectively "Defendants").  Plaintiff claimed, without detail, that other inmates

have threatened his life because he was a witness for the state.  Plaintiff also alleged that the state offered him, but later revoked, a ten-year plea deal.[1]  Plaintiff requested that the Court grant him the ten-year plea offer and release him from prison.

On March 30, 2015, Judge White issued a Report of Magistrate Judge (the "Report") [ECF No. 7] recommending that Plaintiff's Complaint be dismissed without leave to amend for failure to state a claim, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).  Judge White found that because Plaintiff challenged the validity of his imprisonment, as opposed to the conditions of his imprisonment, *Heck v. Humprey,* 512 U.S. 477, 486-87 (1994) barred his claims.  In addition, Judge White found that Plaintiff made legally insufficient allegations, failed to adequately allege that the State of Florida and government officials had a custom or policy that played a part in any alleged constitutional violations, and failed to allege that the Assistant State Attorney defendants engaged in misconduct outside of the bounds of prosecutorial immunity.

### B.  Amended Complaint

On March 31, 2015, instead of objecting to the Report, Plaintiff filed a Motion for Leave to Amend Complaint [ECF No. 8] and an Amended/Clarified Complaint [ECF No. 9].   In his Amended Complaint, Plaintiff alleged that on January 26, 2015, unidentified inmates tried to kill him at Martin Correctional Institution due to his testimony in an unrelated criminal action.[2] Plaintiff also alleged that unspecified prison guards held him in a shower stall and a 40 degrees Fahrenheit prison cell without shoes, warm clothing, bedding, or toilet paper, and failed to provide him with cream for skin damage caused by these conditions.  Plaintiff re-asserted that the State offered him, but later revoked, a ten-year plea deal.  As in his initial Complaint, Plaintiff requested that the Court suspend the remainder of his prison sentence.

---

[1]  Plaintiff has a federal habeas petition challenging his conviction and sentence pending before this Court.  *See Diez v. Fla. Dep't of Corr's*, 13-61149-CIV-Gayles.

[2]  Plaintiff testified as a jail-house informant.  *See Patrick v. State*, 104 So.3d 1046, 1057 (Fla. 2012).

On April 1, 2015, Magistrate Judge White issued a Supplemental Report and Recommendation (the "Supplemental Report") [ECF No. 10] recommending that the Complaint and the Amended Complaint be dismissed for failure to state a claim. Magistrate Judge White found that Plaintiff failed to adequately allege that the conditions of his confinement constituted cruel and unusual punishment in violation of the Eighth Amendment and that Plaintiff's allegations regarding the validity of his confinement are not the proper subject of a § 1983 claim.

### C. Second Amended Complaint

On April 15, 2015, Plaintiff filed Objections to the Supplemental Report and/or an Amended Complaint (the "Second Amended Complaint") [ECF No. 15]. Plaintiff again asserts that prison guards held him in a shower shall for three hours, held him in a cold cell without a blanket, and failed to treat him for a rash. Plaintiff also provides more detailed allegations regarding threats against his life due to his status as a "snitch." According to Plaintiff, on July 27, 2010, an inmate stabbed him at Desoto Correctional Institution. In response, Sergeant Woods transferred Plaintiff to Okeechobee Correctional Institution. Plaintiff asserts that after the written opinion in *Patrick v. State* appeared in the prison library, inmates became aware that Plaintiff was a "snitch." Several years later, on January 26, 2015, three inmates "raided" Plaintiff and inmate "Shine" held a knife to Plaintiff's throat. According to Plaintiff, Captain Scarpetti responded by locking down the dorm. On February 21, 2015, the Department of Corrections transferred Plaintiff back to Desoto Correctional Institution. While at Desoto, Plaintiff told prison staff that another inmate found out he was a "snitch." Prison staff responded by moving Plaintiff to protective confinement. Plaintiff asserts that Assistant State Attorneys Tate and Cavanaugh have an obligation to protect him from threats against his life. Plaintiff also alleges that Assistant State Attorney Vaughn held discriminatory animus against his counsel and that is why the state revoked the ten-year plea deal.

3

Plaintiff states that he seeks damages and injunctive relief as a result of "sufferings and hardships endured against him by the state," but that he is not seeking "monetary damages against any defendant at this time."  Rather, Plaintiff seeks release from prison and/or to be transferred to the South Florida Reception Center while awaiting a determination on his federal habeas petition.

## DISCUSSION

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*.  FED. R. CIV. P. 72(b)(3).  The Court has reviewed the record and the relevant case law and finds that this action must be dismissed.

To state a claim under 42 U.S.C § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution.  42 U.S.C. § 1983. Plaintiff's Second Amended Complaint sets forth three claims: 1) one relating to the fairness of his trial and the revocation of a ten-year plea deal; 2) one for cruel and unusual punishment due to the threats against his life; and 3) one for cruel and unusual punishment due to prison guards placing him in a cold cell without adequate clothing or blankets.

### A.  Challenges to Plaintiff's Trial and Sentence

When a prisoner seeks damages in a §1983 suit, the Court must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).   *Heck* requires the dismissal of a prisoner's civil rights action that attacks the constitutionality of his confinement unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determination, or called into question by federal court's issuance of writ of habeas corpus.  *Id*. Plaintiff's Second Amended Complaint attacks the constitutionality of his conviction and sentence

4

even though his conviction and sentence stand.  Therefore, Plaintiff's claim regarding his trial and sentence are barred.

### B. Cruel and Unusual Punishment

The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide humane conditions of confinement.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  This includes "a duty . . . to protect prisoners from violence at the hands of other prisoners."  *Id.* at 833.  However, a prison official only violates the Eighth Amendment if 1) the alleged deprivation is "sufficiently serious" and 2) the prison official had a "sufficiently culpable state of mind" *Id*. at 834.  A prison official who was deliberately indifferent to an inmate's health or safety has the requisite state of mind.  *Id.*

#### 1. Prisoner Safety

Plaintiff has alleged a serious threat to his well-being by virtue of the threats against his life.  Indeed, "[p]rison conditions may be 'restrictive and even harsh' . . . but gratuitously allowing the beating or rape of one prisoner by another serves no 'legitimate penological objective[e].'" *Id.* at 833 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) and *Hudson v. Palmer*, 468 U.S. 517, 548 (1984)).  Plaintiff, however, has not alleged that any prison officials intentionally placed him in harm's way or were deliberately indifferent to his safety.   Rather, Plaintiff details how the Department of Corrections, in response to safety threats, moved him to different facilities and placed him in protective custody.  Plaintiff might not like the conditions of protective custody, but the Constitution "does not mandate comfortable prisons." *Rhodes*, 452 U.S. at 349.

Plaintiff does allege that Assistant State Attorneys Tate and Cavanaugh acted with deliberate indifference to his safety after they encouraged him to testify in the state's case against Patrick. However, Tate and Cavanaugh are not responsible for Plaintiff's safety while he is incarcerated. The Department of Corrections has the duty to provide humane conditions, and based on the record

5

before the Court, Plaintiff has not adequately alleged that the Department of Corrections had a sufficiently culpable state of mind.

        2.   Protective Custody Conditions

Plaintiff also complains that he was placed in a shower stall for three hours, a 40 degrees Fahrenheit cell for over fifteen hours, and was only given a dirty blanket to keep him warm.  As a result, Plaintiff contracted a skin rash. Plaintiff does not, however, seek damages.  Instead, Plaintiff seeks release from prison and/or to be transferred to South Florida Reception Center.   While Plaintiff's allegations regarding the conditions of his protective custody might state a claim for damages, Plaintiff may not seek release from prison as "damages" for his alleged improper treatment.  *See Heck*, 512 U.S. at 486-87.  In addition, the Court does not have the authority to place a prisoner in a specific facility.   *See* 18 U.S.C. § 3621(b)(Bureau of Prisons designates the place of a prisoner's confinement); *United States v. Williams,* 65 F.3d 301, 307 (2d Cir. 1995)("court has no authority to order that a convicted defendant be confined in a particular facility. . .").  As a result, Plaintiff's claims against the Department of Corrections regarding the conditions of his protective custody must be dismissed without prejudice.  To the extent Plaintiff is attempting to state claims against the Assistant State Attorney Defendants due to the conditions of his confinement, those claims must be dismissed with prejudice.

## **CONCLUSION**

The Court has made a *de novo* review of the record, including the Report, the Supplemental Report, Plaintiff's Objections, and the relevant legal authority.  The Court agrees with the findings of fact and conclusions of law made by Judge White in his Report and Supplemental Report.  It is, therefore,

**ORDERED and ADJUDGED** that Judge White's Report and Recommendation [ECF No. 11] is **AFFIRMED and ADOPTED** as the Order of the Court.   It is further

**ORDERED AND ADJUDGED** that Judge White's Supplemental Report and Recommendations [ECF No. 10] is **AFFIRMED and ADOPTED** as the Order of the Court.  It is further

**ORDERED AND ADJUDGED** that Plaintiff's action under the Civil Rights Act, 42 U.S.C. § 1983, (ECF No. 1) is **DISMISSED** as follows:

1) Plaintiff's claims relating to the constitutionality of his conviction and sentence are dismissed with prejudice;

2) Plaintiff's claims against the Assistant State Attorney Defendants regarding the conditions of his confinement are dismissed with prejudice; and

3) Plaintiff's claims against the Department of Corrections regarding the conditions of his confinement are dismissed without prejudice. It is further

**ORDERED AND ADJUDGED** that the Clerk of Court is directed to **CLOSE** this case. Any pending motions are **DENIED *as moot***.

**DONE and ORDERED** in chambers, at Miami, Florida, this 18th day of June, 2015.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE